**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50989
Summary Calendar

CHARLES RAY COOPER,

Plaintiff-Appellant,

VERSUS

HONORABLE MICHAEL J. MC CORMICK, Judge, presiding
judge of the Court of Criminal Appeals; TROY C. BENNETT, Clerk,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas

(A-96-CV-220)

June 24, 1998

Before BEFORE WISDOM, WIENER, and DENNIS, Circuit Judge.

PER CURIAM:[*]

Charles Ray Cooper, Texas prisoner #473763, filed a suit under
42 U.S.C. § 1983 in which he alleged that Clerk Troy Bennett and
Justice Michael McCormick, both of the Texas Court of Criminal
Appeals, unconstitutionally denied him access to the courts. The
district court granted summary judgment for the defendants and,
finding Cooper's claim to be frivolous, dismissed it under 28

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except in the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1915(e)(2)(B). Cooper timely filed notice of appeal. We affirm.

On September 4, 1995, Cooper submitted six copies of a petition for habeas corpus relief to the Texas Court of Criminal Appeals. The following month, Clerk Bennett sent Cooper a letter in which he advised Cooper that he was required to file the petition in the trial court. Cooper responded by letter, stating that "if [Cooper's] gonna construct the plaintiff's writ, then consider it as a mandamus." Bennett did not respond to this letter. By Cooper's reasoning, Bennett's conduct unconstitutionally hindered his access to the courts.

The district court concluded that Cooper's lawsuit was "absolutely ludicrous," and that the parties had "spent over one year litigating [a] non-issue." We could not agree more. Cooper has not alleged that Justice McCormick did anything to violate his constitutional rights. There is not a shred of evidence that Justice McCormick ever came into contact with the petition Cooper attempted to file with the Texas Court of Criminal Appeals. Furthermore, the district court did not abuse its discretion in concluding that Cooper's claim against Clerk Bennett was frivolous.[2] Indeed, Bennett acted reasonably in advising Cooper that he was required to file his petition for habeas relief in the trial court.

---

[2] See *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

2

AFFIRMED.